(C. D. 1986)

BEN-MER TRADING CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 24, 1958)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The importation in controversy is described on the consular invoice as "toy construction sets." Each set is imported in a cheap pasteboard box, with children pictured on the cover putting the article together. When assembled, it has the appearance of a flimsily constructed wall clock consisting of a time-indicating mechanism in a wooden case.

Since the mechanism of the article was less than 1.77 inches wide, the collector of customs, in liquidating the entry, classified the combined article as follows: (1) The time-indicating mechanism as a watch movement, in accordance with the provisions of paragraph 367 (a) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 367 (a)), as modified by the trade agreement with Switzerland, 69 Treas. Dec. 74, T. D. 48093, and imposed duty thereon at the rate of 75 cents each; (2) the housing of wood as a manufacture of wood, not specially provided for, in paragraph 412 of said act (19 U. S. C. § 1001, par. 412), as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T. D. 52373, as supplemented by Presidential proclamation, 85 Treas. Dec. 138, T. D. 52476, and duty was imposed thereon at the rate of 16⅔ per centum ad valorem.

Plaintiff, by its protest, and as amended, invokes various provisions of the statute providing for lower rates of duty than were imposed by the collector, namely, as construction sets, dutiable at 25 per centum ad valorem in paragraph 1513 of said act (19 U. S. C. § 1001, par. 1513), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, or as "other toys" in said paragraph 1513, as modified by the Torquay protocol to said general agreement, as supplemented by Presidential notification, 86 Treas. Dec. 337, T. D. 52820, dutiable at the rate of 35 per centum ad valorem, or as articles in chief value of metal, not specially provided for, in paragraph 397 of said act (19 U. S. C. § 1001, par. 397),

as modified by the general agreement, *supra*, and dutiable at 22½ per centum ad valorem.

The pertinent text of the statutes to which reference has been made is here set forth:

Paragraph 367 (a), as modified, *supra*:

Watch movements, and time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments, whether or not designed to be worn or carried on or about the person, all the foregoing, if less than 1.77 inches wide and not having more than 17 jewels, whether or not in cases, containers, or housings:

\*     \*     \*     \*     \*     \*     \*

(2)   Any of the foregoing having no jewels or only one jewel:

\*     \*     \*     \*     \*     \*     \*

If more than ⁹⁄₁₀ of 1 inch wide_____ 75¢ each.

Paragraph 367 (b) of the Tariff Act of 1930:

PAR. 367.   (b)   All the foregoing shall have cut, engraved, or die sunk, conspicuously and indelibly on one or more of the top plates or bridges: The name of the country of manufacture; the name of the manufacturer or purchaser; in words and in Arabic numerals the number of jewels, if any, serving a mechanical purpose as frictional bearings; and, in words and in Arabic numerals, the number and classes of adjustments, or, if unadjusted, the word "unadjusted".

Paragraph 412, as modified, *supra*:

Manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for:

\*     \*     \*     \*     \*     \*     \*

Other \* \* \*_____ 16⅔% ad val.

Paragraph 397, as modified, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*     \*     \*     \*     \*     \*     \*

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\*     \*     \*     \*     \*     \*     \*

Other \* \* \*_____ 22½% ad val.

Paragraph 1513 of the Tariff Act of 1930:

PAR. 1513.   \* \* \* As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical·exercise or for mental development.   The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

Paragraph 1513, as modified by the General Agreement on Tariffs and Trade, *supra*:

Toys, not specially provided for:

\*     \*     \*     \*     \*     \*     \*

\* \* \* construction sets (other than model airplane construction sets), wholly or in chief value of metal, valued at 30 cents or more per pound; \* \* \*_____25% ad val.

Paragraph 1513, as modified by the Torquay protocol and Presidential notification, *supra*:

Toys, not specially provided for:

\*      \*      \*      \*      \*      \*      \*

Other (except the following: \* \* \* construction sets, other than model airplane construction sets, wholly or in chief value of metal and valued 30 cents or more per pound; \* \* \*)_____35% ad val.

Further, the plaintiff's brief recites:

The claim for duty at 50 per cent ad valorem as toys with a spring mechanism [paragraph 1513, as modified by the Torquay protocol and supplement thereto] is not abandoned but is not believed to be applicable to the merchandise. \* \* \*

Benjamin Emel, called as a witness on behalf of plaintiff, testified that he is the Ben-Mer Trading Co. and that he imported the merchandise in controversy. He produced a sample thereof, which was received in evidence as exhibit 1. The exhibit has the appearance somewhat in the nature of a cuckoo clock, minus the cuckoo, the metal gears functioning by means of a chain pendulum.

Some difficulty had been encountered in disposing of the importation, which was offered for sale as a toy construction set. Some complaints were received from purchasers claiming that, when the children put the set together, it did not work.

It was the experience of the witness that the clocks, when put together, did not keep good time. They would go for a while and then stop. The only persons he had actually seen use them were members of his own family.

Defendant's witness, Aaron Balmages, the customs examiner of watches and clocks at the port of New York and for many years a watch expert, identified in great detail the various parts of exhibit 1. It was Balmages' opinion that the clock was designed to operate for a period of 24 hours before being rewound.

This witness recognized Oswald Haller, the shipper of the subject merchandise, as having shipped cuckoo clocks to the United States in previous years, and that such clocks similar in construction to the item here in controversy were valued "roughly from 80 cents to a dollar." The merchandise in controversy is invoiced at 83 cents per unit.

Plaintiff urges that the presumption of correctness, which is ordinarily accorded to collectors' classifications, is not present in this case, for the reason that if the importation consisted of time-keeping mechanisms, said articles should have been marked strictly in accordance with the requirements of paragraph 367, as modified, *supra*, or denied entry.

In addition, the plaintiff refers to a notation on the summary sheet, attributed to the collector, reading as follows:

Marking at time of importation accepted. These are assembly kits for clocks sold as toys. [Signed] Fishman. 1/5/54

From these premises, plaintiff contends that the release of the merchandise without the required marking in the case of watches and clocks and their classification as such watches and clocks are virtually contradictory of each other. Hence, the presumption of correctness of official action has been neutralized. Cited in support of its contention is the case of *Fougera* v. *United States*, 1 Ct. Cust. Appls. 146, T. D. 31208, wherein the collector of customs and the Commissioner of Internal Revenue were in disagreement as to the proper classification of a certain commodity. The facts in that case are so at variance with the circumstances surrounding the present importation that it has no application.

The notation on the summary sheet, above quoted, appears to have been added January 5, 1954, whereas the consumption entry 805719 is endorsed as having been liquidated June 16, 1954. The fact that the collector, upon liquidation, treated the importation as time-keeping mechanisms subject to the classification and rate of duty provided in said paragraph 367, as modified, *supra*, would indicate that further inquiry had been made by the collector to satisfy himself that the importation had been properly marked.

In this connection, it appears that the witness Balmages endorsed the following notation in red ink on the commercial invoice:

Dial & Case marked Germany. Movts [movements] marked "Kienzler" Germany—Name not known as maker or purchaser. Movts fail to indicate full name of maker or purchaser. Number of Jewels "No-O-Jewels" and word "unadjusted."

It may well be that while the examiner did not at the time of his return recognize "Kienzler" as the manufacturer, subsequent investigations by the collector of customs may have revealed the fact that he was the manufacturer. Accordingly, the collector accepted the markings as in conformity with the requirements of paragraph 367, and we must accord to the collector the presumption that he performed his functions in accordance with the statute.

With respect to the claims of plaintiff for classification of the imported articles as construction sets or otherwise, within the purview of paragraph 1513, *supra*, our first consideration must be whether or not the articles in issue are toys within the meaning of said paragraph as articles "chiefly used for the amusement of children * * *." Upon this phase of the case the record is silent. Hence, the claims for classification in paragraph 1513 are held to be untenable.

As to the alternative claim of plaintiff that the importation should be classified as an article in chief value of metal, suffice it to say that,

whereas it is admitted that the article is in chief value of metal, nevertheless, the provisions of paragraph 367 applied by the collector of customs to the movements are clearly more specific, and the record, taken as a whole, fails to overcome the presumption of correctness which is accorded the decision of the collector.

In view of the foregoing circumstances and upon the record before us, we are constrained to overrule the protest upon all grounds, and judgment will issue accordingly.